McHUGH, Judge
(concurring in part and dissenting in part):
126 I concur with part I of Judge Thorne's decision, but dissent from part II, which would affirm the inclusion of $200 per month in the alimony award for the cost of feeding Daughter's horses and livestock. Because Judge Orme concurs with me, this decision represents the court's majority opinion on that issue.
127 As a general rule, the expenses related to minor children should be included in the child support award, not as part of the alimony obligation. See Chambers v. Chambers, 840 P.2d 841, 843 n. 1 (Utah Ct.App.1992) ("If the child support that the parties stipulated to is insufficient to cover the children's expenses, then the court must award sufficient child support, not increase alimony to include the children's expenses."). Furthermore, a party may be ordered to pay the expenses related to a child's activities, in addition to child support, only to the extent that the payor spouse voluntarily agrees to do so. See Davis v. Davis, 2011 UT App 311, ¶¶ 16-18, 263 P.3d 520 (holding that school fees were "part and parcel of the child support award" and could not be separately awarded, absent the payor spouse's assent, without separate findings justifying a child support award exceeding the guidelines (internal quotation marks omitted)).[12]
€28 There is nothing in the record suggesting that Husband agreed to pay the expenses related to the care and feeding of Daughter's horses in addition to the amount of his monthly child support obligation. Nor is there anything to indicate that the district court awarded the $200 per month in alimony for any purpose other than the care and feeding of Daughter's horses. Under these cirenmstances, we hold that the district court exceeded its discretion by including the expenses related to Daughter's equestrian activities in calculating the amount of alimony.

. Judge Thorne argues that we should affirm the district court's inclusion of the costs associated with Daughter's horses as part of the alimony award because the district court "considered those expenses as part of Wife's overall financial need." See supra 120. However, under that approach, any expenses related to the sports, hobbies, vacations, lessons, or other activities of minor children could be added to an alimony award, thereby circumventing the limitations discussed in Davis v. Davis, 2011 UT App 311, 263 P.3d 520. See id. 16-18. In addition, by characterizing these expenses as part of Wife's financial need, the obligation to pay them may, as in this case, extend well beyond Daughter's attainment of majority.